**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40233
_____

WAYNE W. LORE,

                         Plaintiff-Appellant,

versus

AMOCO OIL COMPANY,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(G-93-CV-724)
_____

March 11, 1996

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Wayne W. Lore appeals a judgment denying his claim of discrimination under the Americans with Disabilities Act. Finding no reversible error, we affirm.

I

Lore was employed as a carpenter by Amoco Oil Company ("Amoco") at its Texas City, Texas refinery. In 1992, Lore was diagnosed as suffering from cutaneous lupus, a serious skin

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

disorder that caused Lore to develop facial lesions and weeping sores on his body. The disease is greatly exacerbated by exposure to sunlight. As a result of this diagnosis, the company physician issued a medical restriction that Lore avoid the sun as much as possible, and wear a wide-brimmed hard hat and sun screen while working outdoors. There were very few indoor jobs at the Texas City refinery, and night shift work became available only during the first quarter of each calendar year. Lore requested that Amoco accommodate his disability by allowing him to work one of the indoor shop positions. Amoco refused to place Lore in any of these jobs because it would have necessitated reassigning one of the four workers currently holding indoor shop positions, or creating a new position for Lore. Eventually, Lore was notified that there was no job available for someone with his restrictions. Lore filed suit against Amoco, alleging that the company had discriminated against him by refusing to accommodate his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Following a jury trial, a final judgment was entered against Lore. Lore filed a timely notice of appeal.

### III

Lore asserts that the district court erred in its charge to the jury. We review jury instructions to determine whether they fully and correctly state the law. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1192 (5th Cir. 1995). We do not consider a challenged instruction in isolation, but rather as part

of the jury instructions as a whole. *National Union Fire Ins. Co. v. Cagle*, 68 F.3d 905, 909 (5th Cir. 1995). Even if the jury instruction was erroneous, retrial is not required if, based on the entire record, the challenged instruction could not have affected the outcome of the case. *Banc One*, 67 F.3d at 1193. We will reverse only where the jury charge "as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Id.* (internal quotation marks omitted).

Lore correctly argues that the district court erred in instructing the jury on Amoco's affirmative defense to compensatory and punitive damages.[1] Viewed as a whole, however, we find that the jury instructions were unlikely to have confused or misled the jury. In the liability portion of the jury instructions, the district court correctly and clearly defined the requirements of the ADA and Amoco's burden to provide "reasonable accommodation." The district court gave the erroneous instruction on Amoco's

---

[1]    The district court instructed the jury that no compensatory or punitive damages should be awarded if Amoco proved *either* (1) that it made a good faith effort to identify and make a reasonable accommodation that would provide Lore with an equally effective opportunity at the work place, *or that* (2) the efforts at the reasonable accommodation would cause an undue hardship on the operation of Amoco's business. In contrast, section 1981a of the ADA reads in relevant part:

> damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that the accommodation is needed, to identify and make a reasonable accommodation that would provide such individual an equally effective opportunity *and* would not cause an undue hardship on the operation of the business.

42 U.S.C. § 1981a(a)(3) (emphasis added). The district court clearly erred by changing the "and" into an "either/or" proposition.

affirmative defense only after the jury had been properly instructed on the liability issue. The jury decided the question on liability, and was therefore never required to reach Amoco's affirmative defense to compensatory and punitive damages. Accordingly, we conclude that the jury instructions as a whole do not leave us with any substantial or ineradicable doubt as to whether the jury was properly guided in its deliberations.

Lore next contends that the district court erred in instructing the jury that reasonable accommodation "did not include (a) creating a job or (b) bumping an employee out of a position to create a vacancy." However, at trial, Lore only registered a general objection and then offered an alternative, but substantially similar, instruction.[2] Because Lore failed to make a specific objection to the district court's instruction, we find that he has waived his right to object on appeal. FED. R. CIV. P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto . . . stating distinctly the matter objected to and the grounds of the objection."); *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1462-63 (5th Cir. 1992) (holding that plaintiff's general objection to jury instruction was insufficient to preserve alleged

---

[2]     Lore's counsel proposed that the instruction on this issue should read:  "An employer is not required to create a new job or to bump another employee from a job in order to provide reassignment as a reasonable accommodation."  Lore's counsel did not, however, explain to the district court the significance or the legal grounds for these changes.

error for review).[3]

Finally, Lore contends that the district court erred by not instructing the jury that an employer should consider modification of the work schedule as a reasonable accommodation. However, despite the district court's earlier refusal to give his proposed instruction, Lore did not raise this issue during the formal charge conference when told to state any objections he had to the jury instructions. We therefore find that this last claim of error is also waived.[4]

### III

For the foregoing reasons, the district court's judgment denying Lore's ADA claim is AFFIRMED.

---

[3] We may thus review the alleged error only if "the error is so fundamental as to result in a miscarriage of justice." *Coastal Distributing Co. v. NGK Spark Plug Co.*, 779 F.2d 1033, 1039 (5th Cir. 1986) (internal quotation marks omitted). Having reviewed the record, we find there was no miscarriage of justice. Lore's proposed jury instruction on "bumping" was substantially similar to the one given by the district court. Furthermore, Lore's counsel explicitly agreed with the district court's clarification to the jury during deliberations that "bumping" could mean *either* "bumped from one position to another or bumped to unemployment."

[4] Because we find that the district court's jury instructions are substantially correct, we also conclude that this alleged error did not result in a miscarriage of justice. *See Coastal Distributing Co.*, 779 F.2d at 1039.